**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| **RASHAD K. RICHMOND,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 19−cv–00645−SMY** |
| | ) | |
| **DIRECTOR OF NURSES and** | ) | |
| **MEDICAL STAFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**MEMORANDUM AND ORDER**

**YANDLE, District Judge:**

Plaintiff Rashad K. Richmond, formerly an inmate at Lawrence Correctional Center ("Lawrence"), brings this action pursuant to 42 U.S.C. § 1983 for alleged deliberate indifference to a serious medical need. Plaintiff requests monetary damages.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner Complaints to filter out non-meritorious claims. See 28 U.S.C. § 1915A(a). Any portion of a Complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* Complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff makes the following allegations in the Complaint: On May 24, 2019, Plaintiff was sleeping when a bug crawled into his left ear. (Doc. 1, p. 10). He attempted to remove the bug using a tissue, but got the tissue lodged in his ear canal, causing pain, numbness and migraines. (*Id.*).

Plaintiff was seen by a nurse (Jane Doe #1) six days later who unsuccessfully attempted to remove the tissue with several instruments and water. (*Id.*, pp. 10-11). Although she ordered eardrops to be administered in order to soften the obstruction and relieve the pain, they never were administered. (*Id.*, p. 11). This nurse (Jane Doe #1) failed to document the obstruction and did not give Plaintiff the pain medication he requested. (*Id.*).

On June 5, 2019, Plaintiff was seen by two other nurses. (*Id.*). The first (Jane Doe #2), attempted to drain earwax without knowing that there was an obstruction and "started calling [him] stupid and making fun of [him]" when he told her and the other staff about the bug. (*Id.*). A second nurse (Jane Doe #3), took over and was unsuccessful in dislodging the obstruction before referring him to the doctor. (*Id.*, p. 12).

The Court finds it appropriate to designate the following claim in this *pro se* action:

**Count 1 –** An Eighth Amendment claim that Jane Does 1-3 were deliberately indifferent to Plaintiff's ear obstruction.

The parties and the Court will use this designation in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Discussion**

As an initial matter, Plaintiff makes no claims against the Director of Nursing, and she will therefore be dismissed without prejudice.[2]

Prison officials impose cruel and unusual punishment in violation of the Eighth Amendment when they are deliberately indifferent to a serious medical need. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016). In order to state such a claim, an inmate must plead sufficient allegations to plausibly suggest: 1) that he suffered from an objectively serious medical condition; and 2) that the defendant was deliberately indifferent to a risk of serious harm from that condition. *Petties v. Carter*, 836 F.3d 722, 727 (7th Cir. 2016). Objectively serious conditions include an ailment that has been "diagnosed by a physician as mandating treatment," one that significantly affects an individual's daily activities, or one that involves chronic and substantial pain. *Gutierrez v. Peters*, 111 F.3d 1364, 1373 (7th Cir. 1997). The subjective element requires proof that the defendant knew of facts from which he could infer that a substantial risk of serious harm exists, and that he actually drew the inference. *Zaya v. Sood*, 836 F.3d 800, 804 (7th Cir. 2016) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)).

The Court will assume, the obstruction, pain and symptoms Plaintiff describes were "objectively serious." Jane Doe #1 attempted to extract the obstruction and prescribed eardrops to soften the obstruction and ease the pain. That she was allegedly unsuccessful in removing the obstruction and failed to document it in the medical records, at best, present issues of negligence.

---

[2] The designation of "Medical Staff" as a party is also improper. To state a § 1983 claim against an individual or entity, Plaintiff must specifically identify them by name or Doe designation. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Normally, this would be grounds for dismissal. However, *pro se* litigants are afforded some leeway in their pleadings and Plaintiff has provided at least some information from which the members of the medical staff might be identified. Therefore, the Court will direct the Clerk of Court to substitute Jane Does #1-3 for "Medical Staff" as parties to this case.

"Mere negligence or even gross negligence does not constitute deliberate indifference." *Soto v. Johansen*, 137 F.3d 980, 981 (7th Cir. 1998). Additionally, the fact the eardrops she prescribed were not administered by others does not reflect on her liability. Finally, under the circumstances described, her refusal to prescribe other pain medication does not show deliberate indifference. "Under the Eighth Amendment, [a prisoner] is not entitled to demand specific care. [He] is not entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir.1997).

Similarly, Plaintiff fails to state a viable deliberate indifference claim against Jane Doe #2 or Jane Doe #3. These nurses attempted to treat Plaintiff's condition and referred him to a doctor when they were unsuccessful. The worst they may have done was mock Plaintiff, which, while inappropriate and unprofessional, is not a constitutional violation under 1983. *See Patton v. Przbylski*, 822 F.2d 697, 700 (7th Cir.1987) (Verbal threats or abuse are insufficient to state a constitutional violation). As such, Plaintiff has failed to state a claim against either of them.

## Disposition

The Clerk of Court is **DIRECTED** to substitute Jane Does #1, 2 and 3 for "Medical Staff" as parties to the case. Plaintiff's Complaint is **DISMISSED without prejudice** for failure to state a claim.

Should Plaintiff wish to proceed with his case, he shall file a First Amended Complaint on or before March 9, 2020. It is strongly recommended that Plaintiff use the form designed for use in this District for civil rights actions. He should label the pleading "First Amended Complaint" and include Case Number 19-cv-645-SMY.

The amended complaint should conform to the designation of claims into the Counts enumerated by the Court in this Order. Plaintiff shall identify by name or Doe designation, each Defendant alleged to be liable under each Count, as well as the actions alleged to have been taken

by that Defendant. New individual Defendants may be added if they were personally involved in the constitutional violations. Plaintiff should attempt to include the facts of his case in chronological order, inserting Defendants' names where necessary to identify the actors and the dates of any material acts or omissions.

An amended complaint supersedes and replaces the original complaint, rendering the original complaint void. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n.1 (7th Cir. 2004). The Court will not accept piecemeal amendments to the original complaint. Thus, the First Amended Complaint must contain all the relevant allegations in support of Plaintiff's claims and must stand on its own, without reference to any other pleading. Should the First Amended Complaint not conform to these requirements, it shall be stricken. Plaintiff must also re-file any relevant exhibits he wishes the Court to consider along with the First Amended Complaint. Failure to file an amended complaint shall result in the dismissal of this action with prejudice. Such dismissal shall count as one of Plaintiff's three allotted "strikes" within the meaning of 28 U.S.C. § 1915(g).

No service shall be ordered on any Defendant until after completion of the § 1915A review of the First Amended Complaint.

In order to assist Plaintiff in preparing his amended complaint, the Clerk is **DIRECTED** to mail Plaintiff a blank civil rights complaint form.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a

delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: February 6, 2020**

<u>**STACI M. YANDLE**</u>
**United States District Judge**